FILED - GR
March 29, 2010 12:34 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:_rmw__/_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Q/C

| | | |
|---|---|---|
| **BRIAN ROY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **BUREAU OF COLLECTION** | ) | **1:10-cv-296** |
| **RECOVERY, LLC,** | ) | **Gordon J Quist** |
| | ) | **U.S. District Judge** |
| **Defendant.** | ) | |

## COMPLAINT

NOW COMES the Plaintiff, BRIAN ROY, by and through his attorneys, LARRY P.

SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, BUREAU OF

COLLECTION RECOVERY, LLC, Plaintiff states as follows:

### I.    PRELIMINARY STATEMENT

1.    This is an action for actual and statutory damages for violations of the Fair Debt

Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.    JURISDICTION & VENUE

2.    Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28

U.S.C. §1331 and 28 U.S.C. §1337.

3.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.    PARTIES

4.    BRIAN ROY, (hereinafter, "Plaintiff") is an individual who was at all relevant

times residing in the City of Pierson, County of Montcalm, State of Michigan.

1

5.     BUREAU OF COLLECTION RECOVERY, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Michigan. Defendant is incorporated in the State of Minnesota.

6.     In its dealings with Plaintiff, Defendant held itself out as being a company collecting a debt allegedly owed by Plaintiff.

7.     At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8.     At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

## IV.     ALLEGATIONS

9.     On or about November 2, 2009, Plaintiff received a telephone call from Defendant, who stated that it was calling to collect a debt allegedly owed by Plaintiff.

10.    The debt allegedly owed by Plaintiff was incurred primarily for personal, family, or household services.

11.    The aforesaid telephone call was the initial communication with Plaintiff.

12.    During the aforesaid telephone call, Defendant did not tell Plaintiff that unless Plaintiff, within thirty days, disputed the validity of the debt, or any portion thereof, the debt would be assumed to be valid by Defendant.

13.    During the course of its telephone calls with Plaintiff, Defendant told Plaintiff that if Plaintiff did not pay the alleged debt then Defendant would take the next step in order to collect Plaintiff's alleged debt.

2

14.     The aforesaid threat had the effect of conveying to an unsophisticated consumer that if Plaintiff did not pay the debt he allegedly owed, then Defendant would initiate legal proceedings against him.

15.     Based on Defendant's statements as aforesaid, Plaintiff believed that if he failed to pay the debt he allegedly owed, Defendant would initiate legal proceedings against him.

16.     Upon information and belief, Defendant has not filed a lawsuit against Plaintiff for the debt he allegedly owes.

17.     Upon information and belief, at the time of making the aforementioned statement, Defendant had no intention of filing a lawsuit against Plaintiff for the debt he allegedly owes.

18.     Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt he allegedly owes.

19.     Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the debt he allegedly owes.

20.     From on or about November 2, 2009 through January 27, 2010, Defendant initiated approximately (100) telephone calls to Plaintiff.

21.     On or about December 22, 2009, Defendant initiated approximately four (4) telephone calls to Plaintiff in a single day.

22.     On or about December 29, 2009, Defendant initiated approximately three (3) telephone calls to Plaintiff in a single day.

23.     On or about January 19, 2010, Defendant initiated approximately four (4) telephone calls to Plaintiff in a single day.

24.     On or about January 20, 2010, Defendant initiated approximately three (3) telephone calls to Plaintiff in a single day.

3

25. On or about January 25, 2010, Defendant initiated approximately four (4) telephone calls to Plaintiff in a single day.

26. On multiple occasions during the course of Defendant's telephone calls with Plaintiff, Plaintiff has specifically advised Defendant that it was inconvenient for him to receive telephone calls from Defendant on weekdays prior to 9:00 a.m. and after 5:00 p.m.

27. Despite being advised that it was inconvenient for Plaintiff to receive calls from Defendant before 9:00 a.m., in or around January of 2010, Defendant called Plaintiff multiple times before 9:00 a.m.

28. Despite being advised that it was inconvenient for Plaintiff to receive calls after 5:00 p.m., in or around November of 2009, December of 2009 and January of 2010, Defendant called Plaintiff multiple times after 5:00 p.m.

29. On multiple occasions during the course of Defendant's telephone calls with Plaintiff, Plaintiff has specifically advised Defendant that it was inconvenient for him to receive telephone calls from Defendant on the weekends.

30. Despite being aware that it was inconvenient for Plaintiff to receive calls on the weekends, in or around November of 2009, December of 2009 and January of 2010, Defendant called Plaintiff multiple times on the weekends.

31. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

4

32.     In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated

the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

>    a. Communicated with the consumer at an unusual time and place or at a time or
>    place which should be known to be inconvenient to the consumer in violation
>    of 15 U.S.C. § 1692c(a)(1);
>
>    b. Engaged in conduct the natural consequence of which is to harass, oppress or
>    abuse any person in connection with the collection of a debt in violation of 15
>    U.S.C. §1692d;
>
>    c. Caused a telephone to ring or engaged any person in telephone conversation
>    repeatedly or continuously with the intent to annoy, abuse or harass any
>    person at the called number in violation of 15 U.S.C. §1692d(5);
>
>    d. Used false, deceptive, misleading and unfair or unconscionable means to
>    collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;
>
>    e. Threatened to take action that cannot legally or is not intended to be taken in
>    violation of 15 U.S.C. §1692e(5);
>
>    f. Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,
>
>    g. Was otherwise deceptive and failed to comply with the provisions of the
>    FDCPA.

33.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and

continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.     JURY DEMAND

34.     Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BRIAN ROY, by and through his attorneys, respectfully prays

for judgment as follows:

>    a.     All actual compensatory damages suffered;
>
>    b.     Statutory damages of $1,000.00;

5

c.   Plaintiff's attorneys' fees and costs;

d.   Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**BRIAN ROY**

By:

David M. Marco
Attorney for Plaintiff

Dated: March 25, 2010

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:   (312) 222-9028 (x812)
Facsimile:   (888) 418-1277
E-Mail:   dmarco@smithlaw.us